McBRIDE, Judge.
This appeal presents a claim for the damages sustained by plaintiff Dufour’s 1949 Chevrolet coupe in an accident which happened on U. S. Highway 61 at the south end of the Bonnet Carre Spillway in the Parish of St. Charles, on April 12, 1952, at 12:30 o’clock p. m.
Dufour was driving northward on the highway toward Baton Rouge, and on the other side of the highway Bernard Prit-chett was driving his automobile in a southerly direction or toward New Orleans. Just then a dump truck hauling sand, traveling at a fast rate of speed, suddenly came from the spillway on a dirt road and entered the highway without stopping and then turned toward its driver’s right or in the direction of New Orleans. The truck emerged into the highway only a short distance ahead of and in the path of Prit-chett’s car ’with the result that Pritchett was required to make an emergent application of his brakes, and while he managed to avoid running into the truck, his car skidded on the wet surface of the pavement over into the northbound lane striking Du-four’s car and damaging it to the extent of $389.40.
The suit is brought in behalf of Dufour and his collision insurer (to whom Dufour had subrogated all but $50 of his claim), and they implead as defendants, in solido, Pritchett, Victor Taranto, Jr., Mrs. Victor J. Taranto, Sr., and Thomas Savarino. Ta-ranto, Jr., a minor, is the alleged driver of the dump truck, and Mrs. Taranto is his mother with whom he resides. Savarino is the owner of the dump truck and the employer of Taranto, Jr. Several acts of negligence are charged against both Ta-ranto, Jr., and Pritchett.
The defendants filed certain exceptions to the suit which have all now passed out of the case and need not be further mentioned, except to.say that Taranto, Jr., was dismissed from the suit on an exception of *306 no cause or right of action. After a trial on the merits of the case, plaintiffs recovered judgment against the three remaining defendants in solido as prayed for, and Mrs. Taranto and Savarino have appealed.
 The record convinces us that the driver of the dump truck was negligent in making entry into Highway 61 suddenly and without warning immediately in the path of the Pritchett car, and our conclusion is that the truck driver’s negligence in doing so was the proximate cause of the collision between the Pritchett and Dufour cars. Counsel for appellants does not argue that the driver of the truck was not negligent, his only complaint being that the evidence is insufficient to identify Taranto, Jr., as the driver of the truck, and he contends it was not Taranto, Jr., who drove the truck onto the highway in the path of Pritchett’s car nor was Savarino the owner of the truck in question.
Taranto, Jr., admitted he was in the employ of Thomas Savarino as truck driver and that he had driven from the spillway onto the highway several times on the day in question, but he claims that his truck was not the one involved in the incident under investigation by the court. He states he had stopped his truck and then alighted therefrom at a service station located some 500 feet from where the accident took place, and had been at this service station for about five minutes and was engaged in eating a sandwich when he first learned about the accident, his informant being a man named “Red” ; that Red was a truck driver for Frank Savarino; that Red came into the service station and said there had been an accident down the road; that, thereupon he, Taranto, walked down the highway to the scene, and when he reached the place where the accident had taken place, Mr. Dufour asked him if he was the driver of the truck “down there,” indicating the truck standing in the filling station. Taranto states that he acknowledged that he had been driving the truck, but he maintains he never admitted to Mr. Dufour that his truck was the cause of the accident.
The owner of the service station supports Taranto’s testimony to the extent that Taranto was at the station when Red, who was the employee of Frank Savarino, came into the place and informed Taranto about the accident.
The effect of the testimony of Taranto and the service station operator is fully and completely overcome by countervailing evidence. Pritchett says he kept his “eye” on the truck after the collision and observed that it was driven into the service station. He says he went there and talked with the driver who was the same one who drove the truck from the dirt road into his pathway. Dufour states that the dump truck that went into the service station was the same one that came out onto the highway immediately before the accident; that there were no other trucks in the station; that the driver of the truck, Victor Taranto, returned to the scene of the accident, and it was then that Dufour obtained his name; that the defendant, Taranto, is the same man.
Mrs. Dufour testified that her son, Ronald, who was riding in their car at the time of the accident, went to the service station and brought Victor Taranto back to the scene of the accident. She explained that her son was working and could not be present in court at the trial.
There is some testimony as to whether the subject truck was painted red or black, but no discussion of the evidence touching that detail is necessary, as we have no doubt at all that it was the truck of Thomas Savarino that caused the accident and that Victor Taranto, Jr., the employee of Thomas Savarino, was the driver of that truck. Even if we were in doubt as to which set of witnesses should be believed, we would hardly be warranted in reversing the judgment on that account. The question before the court is one of fact, and the answer to *307 the question must depend upon the veracity of the witnesses. The trial judge who saw and heard them testify and had the opportunity of noting their demeanor evaluated their testimony and then resolved the factual issue in plaintiffs’ favor. There is no manifest error appearing in the judgment.
Therefore, the judgment is affirmed.
Affirmed.